# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

JOHN LAURINO,

                                        Plaintiff,

    -against-

JP MORGAN CHASE BANK, NA,

                                        Defendant.

-----------------------------------------------------------------x

Index No.         /2022
Date Purchased:
Plaintiff designates
New York County as the place of trial

The basis of venue is
Defendants place of business.

**SUMMONS**

To the above-named Defendant:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
            June 24, 2022

                                                    THE DWECK LAW FIRM, LLP

                                                      *s/ H.P. Sean Dweck*
                                                      By:_____
                                                         H.P. Sean Dweck
                                                     *Attorneys for Plaintiffs*
                                                      1 Rockefeller Plaza, Suite 1712
                                                      New York, NY 10020
                                                      (212) 687-8200
                                                      *hpsdweck@dwecklaw.com*

DEFENDANT

JP MORGAN CHASE BANK, NA
277 Park Avenue
New York, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN LAURINO,

                      Plaintiff,

    -against-

JP MORGAN CHASE BANK, NA,

                      Defendant.

Index No.:    /2022

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, John Laurino, by and through his attorneys, The Dweck Law Firm, LLP, complains of the Defendant and respectfully alleges to this court as follows:

### INTRODUCTION AND NATURE OF ACTION

      1.     This is an action for age discrimination arising out of Plaintiff's employment with JP Morgan Chase bank, NA ("Chase").

      2.     Plaintiff, age 66, is an institutional bond salesperson for Chase. He is a seasoned financial professional who has worked in the industry his entire life, and with Chase since 2010. His initial annual compensation package for the last several years has been in the range of $500,000 annually. His compensation is directly tied to the clients he services and is based purely on commission. During the last year Chase has engaged in a course of conduct, which when viewed as a whole, was designed to exclude Plaintiff from activities and meetings to which he previously participated, remove key accounts from Plaintiff and engage in other actions designed leave Plaintiff with no ability to maintain the earnings to which he had become accustomed. With no success in trying to address his concerns internally Plaintiff has been left with no choice but to

1

commence this lawsuit. At the time of the filing of this suit Plaintiff is still currently employed by Chase.to force Plaintiff to either resign or otherwise

3. Plaintiff brings this action for age discrimination under the New York State Human Rights Law, §296 et. seq. ("NYSHRL") and the New York City Administrative Code §8-107 et. seq. (hereinafter "NYCADC").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action as the acts giving rise to this lawsuit substantially occurred in New York County and the Defendant maintains its offices in the County, City and State of New York.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff was and still is a resident of the State of New York.

6. Plaintiff, at the time of the filing of this complaint, is 66 years old.

7. At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the NYSHRL and NYCADC.

8. Defendant, JP Morgan Chase Bank, NA is an American national bank headquartered in New York City.

9. Chase is a Delaware corporation and is registered to do business in the County, City and State of New York and maintains its headquarters within the County, City and State of New York.

10. Chase is an employer within the meaning of the NYSHRL.

11. Chase is an employer within the meaning of the NYCADC.

## PREREQUISITES

12. Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

13. Before filing the Complaint in this action, Plaintiff also caused a copy of it to be served upon the New York City Commission of Human Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff is 66 years old at the time of the filing of this Complaint.

15. Plaintiff formally commenced his employment with Chase in January 2010.

16. Plaintiff's current job duties are that of an institutional bond salesperson.

17. Plaintiff's job duties are to arrange for the sale and purchase of bonds for institutional Clients.

18. Plaintiff's compensation is based upon commission which is calculated at a rate of 25%.

19. For the years 2019, 2020 and 2021 Plaintiff's annual income was in the range of $500,000.

20. Plaintiff's direct supervisor up until April 2022 was Cayman Wills ("Wills"), an employee of Chase with the title of Managing Director/Regional Director Consumer and Community Banking.

21. Wills resigned his employment with Chase in April 2022.

Page **3** of **8**

22. At all relevant times Plaintiff's second level supervisor is Philip Seig ("Seig"), an employee of Chase with the title of Chief Executive Officer of JP Morgan Securities Consumer and Community Banking.

23. At all relevant times, the Director of Sales/Sales Manager for the Municipal Bond Department within the Investment Bank at Chase was and/is PJ Morelli ("Morelli").

24. As part of Plaintiff's job duties and as part of an agreement by Chase when Plaintiff was hired, he would have access to and attend regular morning calls ("Morning Calls") with Chase team members to discuss market conditions and other related topics so as to prepare for the work to be done that day and have access to the Municipal Bond Department's squawk box.

25. In 2015 Plaintiff began servicing Spring Lake Asset Management ("Spring Lake") as an institutional client.

26. Plaintiff cultivated the Spring Lake account to a point where it became a substantial account for Chase and generated substantial income for Chase.

27. As a result of Plaintiff's efforts, the Spring Lake account generated substantial revenue to Chase which resulted in substantial commissions to Plaintiff.

28. The commissions earned by Plaintiff from the Spring Lake account were approximately 75% of Plaintiff's income.

29. At all times during Plaintiff's employment with Chase, he performed his job duties faithfully, competently and in a satisfactory manner.

30. At all relevant times Plaintiff never had any complaints about the manner in which he handled the and serviced the Spring Lake account.

31. In or about the third/fourth quarter of 2021 Plaintiff was advised that he would no longer be permitted to attend the Morning Calls.

32. When Plaintiff was advised that he would no longer be permitted to attend the Morning Calls, he volunteered to go back to the trading desk at the Investment Bank and perform the duties of an investment banker, a position which he previously held and was qualified for.

33. In April 2022 Plaintiff was advised that the Spring Lake account was being reassigned to the investment bank and Plaintiff would no longer service the account.

34. Plaintiff objected to Morelli about the reassignment of Spring Lake account which had been assigned to Plaintiff by Morelli's predecessor, told Morelli that taking this account from him would essentially put Plaintiff out of business and requested the ability to keep the account. Morelli rejected the request.

35. As a result of the reassignment of Spring Lake Plaintiff's income will be reduced by approximately 75% which reduction constitutes an adverse action.

*Age Discrimination*

36. At the time Plaintiff's access to the Morning Calls was revoked he was one of the oldest institutional salespersons in his department.

37. At the time Chase stripped Plaintiff of the Spring Lake account he was one of the oldest middle market institutional salespersons in his department

38. At the time Plaintiff volunteered to return to the trading desk he would have been one of the oldest traders on the desk in that department.

39. Defendant's actions, which include but are not necessarily limited to the following, represent a systematic pattern and practice of age discrimination:

Page 5 of 8

(a) reducing Plaintiff's compensation;

(b) excluding Plaintiff from Morning Calls and other meetings;

(c) denying Plaintiff's request to return to the trading desk;

(d) subjecting Plaintiff to age related comments such as:

i. Morelli told Plaintiff "we are going in a different direction." At the time this statement was made Morelli further stated that no institutional account should be covered by Plaintiff's area and should be with the Investment Bank.

ii. Morelli told Plaintiff "we are going more towards electronic trading." This statement was made to Plaintiff during a conversation when an institutional salesperson was retiring from the investment bank at which time Plaintiff suggested that he return to the trading floor to cover the Spring Lake account and any other accounts that were to be reassigned.

(e) assigning the Spring Lake account to younger employee(s) than Plaintiff;

(f) in refusing to assign any available accounts to Plaintiff. More specifically, Seig had 300 accounts to distribute after they became available from the head of the fixed income at the investment bank. Those accounts were reassigned and none of them were reassigned to Plaintiff.

(f) engaging in a pattern and practice of hiring younger employees;

(g) engaging in a pattern and practice of not hiring older employees;

(h) engaging in a pattern and practice of making hiring and other business-related decisions based upon age; and

(i) engaging in a pattern and practice of reassigning duties from older employees to younger employees.

Page **6** of **8**

40. Defendant's discriminatory actions as referenced herein are supported by the facts as alleged hereinbefore.

## COUNT I
## AGE DISCRIMINATION UNDER THE NYSHRL

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "40" inclusive with the same force and effect as is fully set forth at length herein.

42. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age. By reason thereof, Defendant violated the NYSHRL.

43. As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic damages.

## COUNT II
## AGE DISCRIMINATION UNDER THE NYCADC

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "40" inclusive with the same force and effect as is fully set forth at length herein.

45. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age. By reason thereof, Defendant violated the NYCADC.

46. As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic damages.

Page **7** of **8**

WHEREFORE, Plaintiff demands the following relief:

A. On each of the first and second counts for a money judgment against Defendant for his damages including but not limited to lost compensation, shame, humiliation, embarrassment, and mental distress;

B. On each of the first and second counts for punitive damages;

C. On each of the first and second counts for an award of attorney's fees;

D. For prejudgment interest and costs; and

E. Such further and additional relief as this court deems just and appropriate under the circumstances.

THE DWECK LAW FIRM LLP

By: ___*s/HP Sean Dweck*___
H.P. Sean Dweck
*Attorneys for Plaintiff*
1 Rockefeller Plaza Suite 1712
New York, New York 10020
(212) 687-8200
hpsdweck@dwecklaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOHN LAURINO,

                Plaintiff,

-against-

JP MORGAN CHASE BANK, NA,

                Defendant.

Index No.: 155337/2022

**AFFIDAVIT OF SERVICE
OF SUMMONS AND COMPLAINT**

STATE OF NEW YORK )
                          ss:
COUNTY OF NEW YORK )

Antonino Scott being duly sworn deposes and says:

On July 7, 2022 at 2:36 pm I personally served the Summons and Complaint in the above captioned action on JP Morgan Chase Bank, NA by delivering a copy to Kevin M. Kilkenny, the Branch Manager and Vice President of the Defendant at its office located at 1251 Avenue of the Americas, New York, NY 10020.

Said person accepted the Summons and Complaint, indicated he was authorized to accept service and provided a copy of his business card (copy attached).

Dated: New York, NY
June 28, 2022

_____
Antonino Scott

Sworn to before me this
8th day of July 2022

_____
Notary Public

H. P. SEAN DWECK
Notary Public, State of New York
No. 02DW5057936
Qualified in Westchester County
Commission Expires April 1, ~~1998~~ 2026

**CHASE**

Kevin M. Kilkenny
Branch Manager
Vice President
NMLS ID: 1258877

Consumer Banking
1251 Avenue of the Americas
New York, NY 10020-1104

Phone:    212 556 2822
eFax:      855 323 0545
Service Line: 800 935 9935
kevin.kilkenny@chase.com

JPMorgan Chase Bank, N.A.